UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | No. 2:19-cv-01177-JAM-CKD |
| Plaintiff, | |
| v. | ORDER |
| J. DEFAZIO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint is now before the court for screening.

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6       In order to avoid dismissal for failure to state a claim a complaint must contain more than

7  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

8  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

11  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

12  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

13  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

14  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

15  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

16  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

17  U.S. 232, 236 (1974).

18       **II.**     **Motion to Appoint a Guardian Ad Litem**

19       Prior to filing the amended complaint, plaintiff filed a motion to appoint him a guardian

20  ad litem based on his mental health condition which has deteriorated at times to the point of

21  suicidality.  ECF No. 12.  At present, plaintiff does not express any suicidal ideation or plan.  The

22  court also notes that all of plaintiff's filings have been clear, concise, and presented in a very

23  organized fashion, including the motion itself which appropriately cites Rule 17(c) of the Federal

24  Rules of Civil Procedure in support of the request.

25       Under Federal Rule of Civil Procedure 17, "an incompetent person who does not have a

26  duly appointed representative may sue by a next friend or by a guardian ad litem."  Fed. R. Civ.

27  P. 17(c)(2).  In order to be considered incompetent, a party must lack "the capacity to understand

28  the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of

the case." Golden Gate Way, LLC v. Stewart, No. C 09-04458, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citation omitted); see also AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015) (applying the law of the party's domicile to determine the issue of competency). "A guardian ad litem is appointed as a representative of the court to act for the ward with authority to engage counsel, file suit, and to prosecute, control and direct the litigation." AT&T Mobility, LLC, 143 F. Supp. 3d at 1052 (E.D. Cal. 2015) (alterations and internal quotation marks omitted). Generally, "the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected…." United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).

In this case, plaintiff has demonstrated through his numerous pleadings that he understands the nature and consequences of this civil rights action that he filed while proceeding pro se. Therefore, he does not meet the standard for incompetency to warrant the appointment of a guardian ad litem. See Acres, 795 F.2d at 805. For these reasons, the court will deny plaintiff's motion to appoint him a guardian ad litem.

### III.   Allegations in the First Amended Complaint

As in his original complaint, plaintiff contends that officials at five different prisons used excessive force against him at different times. For the first time in his amended complaint, plaintiff includes an excessive force incident that occurred in February 2020, thus expanding the temporal scope of the allegations to include an almost four-year time period. Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

### IV.   Analysis

Once again, plaintiff's complaint has improperly joined unrelated claims against multiple defendants in a single civil action. "Unrelated claims against different defendants belong in different suits…." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Instead of narrowing down the allegations in his amended complaint, plaintiff chose instead to add more allegations of the use of excessive force. Simply alleging excessive force claims against all the defendants does not make the claims related to one another. See Fed. R. Civ. P. 20(a)(2) (joinder of defendants

not permitted unless both commonality and same transaction requirements are satisfied). Therefore, plaintiff's first amended complaint must be dismissed. The court will, however, grant plaintiff leave to file a second amended complaint. In any second amended complaint plaintiff should not raise unrelated claims, but rather should focus on a few common claims and describe the actions of the individual defendants. If plaintiff wishes to pursue unrelated claims against different defendants, he must initiate multiple civil actions.

**V.     Leave to Amend**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The allegations in your first amended complaint are the same as those in your original complaint. You have once again improperly joined defendants in this action contrary to the guidance in this court's prior screening order of February 27, 2020. The court will not allow you

to proceed on unrelated claims against unrelated defendants in a single action.  Your first amended complaint is being dismissed for the same reasons as the original complaint.  You are being given one last chance to follow the court's instructions.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint a guardian ad litem (ECF No. 12) is denied.

2. Plaintiff's first amended complaint (ECF No. 14) is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  **Failure to file an amended complaint in accordance with the instructions provided in this order will result in a recommendation that this action be dismissed without prejudice.**

Dated:  August 14, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hend1177.14.docx